**SPEARS, Plaintiff-Appellee, v. SPEARS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1898.   Decided November 30, 1946.

Sam D. Kelly, Dayton, for Plaintiff-Appellee.
Daniel L. Dwyer, Dayton, for Defendant-Appellant.

### OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, Ohio.  The action was one for divorce, alimony and distribution of property.

The record discloses that on April 27, 1945, the final decree was filed, the pertinent parts of which are as follows:

"It is hereby ordered and decreed that the defendant, upon the payment of Eight Hundred Dollars ($800.00) into the office of the Clerk of the Common Pleas Court of Montgomery County, Ohio, at any time before May 31st, 1945, for distribution by said Clerk to the plaintiff, shall have title to said real estate, subject to an existing mortgage, together with the interest thereon, and further subject to any taxes or other liens now existing, and that plaintiff, within three days from the time

of notice that such Eight Hundred Dollars ($800.00) has been paid into said Clerk's Office for him, shall deliver a deed to said Clerk for said premises in favor of the defendant, Hazel E. Spears, said deed being in conformity with this order, and further that should the said plaintiff fail to execute and deliver said deed, as herein ordered, then this decree shall operate as such conveyance.

"It is still further ordered by the Court that should the defendant, Hazel E. Spears, fail to elect to take said real estate, or fail to pay said Eight Hundred Dollars ($800.00) into the office of the Clerk of Courts before May 31st, 1945, for the benefit of the plaintiff, and all as above provided then plaintiff, Frank Spears, shall have the option to retain title to said real estate by paying into the office of the Clerk of the Common Pleas Court of Montgomery County, Ohio, before June 30th, 1945, the sum of One Thousand Two Hundred Dollars ($1,200.00), for the benefit of and for distribution by said Clerk to the defendant, Hazel E. Spears. Whereupon and in this event, the said Hazel E. Spears failing to exercise her first option to take said real estate under the terms and conditions above set forth, and the plaintiff, Frank Spears, failing to exercise the second option to retain said real estate under the terms and conditions above set out, that then the defendant, Hazel E. Spears, shall have a lien against said real estate for One Thousand Two Hundred Dollars ($1,-200.00).

"It is further ordered that the plaintiff pay defendant's attorney, Daniel L. Dwyer, an attorney fee for representing the defendant in this cause an additional amount of One Hundred Dollars ($100.00), he already having paid One Hundred Dollars ($100.00) within three days from the entry of this decree, and further that the defendant pay the costs of this proceeding."

The date under which the defendant-appellant was privileged to exercise her option to take the real estate was later extended by entry to June 30, 1945, and that of the plaintiff-appellee to July 30, 1945. On June 30, 1945, the defendant-appellant deposited with the Clerk of the Court of Common Pleas the sum of $800.00 which deposit was accompanied with the following letter which contained the following paragraph:

"This sum of money is deposited with the stipulation that it be not disbursed until such a time as the various small charges, including the interest on loan, gas and light bill, tele-

phone bill, etc., presented to and discussed with the Court are adjusted, together with the payment of $100.00 attorney's fees to Daniel L. Dwyer as ordered in said decree."

(Signed) "Daniel L. Dwyer,
Attorney for Hazel Spears."

The record discloses that on July 24, 1945, a deed was delivered by counsel for plaintiff-appellee to the Clerk of Courts who refused to pay the $800.00 because of the stipulations contained in the letter which accompanied the deposit; also, Edward J. Clark, a deputy Clerk of courts of Montgomery County, testified that Mr. Dwyer, attorney for the defendant, told him, "You had better not distribute that money because there is a stipulation in my letter," and as a result thereof the distribution was not made.

On August 18, 1945, the plaintiff deposited with the clerk the sum of $1200.00 in compliance with the court order of April 27, 1945, and under the same date filed a motion which recited the fact of the failure of both parties to exercise their options as provided in the decree and moved the Court that the said $1200.00 be in full satisfaction of the lien provided for in the decree, and that the $800.00 theretofore deposited by the defendant be returned to her. This motion was sustained and it is to this ruling that the appeal is directed. The appellant is contending that the ruling of the Court is contrary to law, is not sustained by sufficient evidence and that it imposes upon the defendant a great injustice through no fault of her own.

Counsel for defendant has filed an exhaustive brief in which he discusses the power of an attorney at law, to bind his client without her express consent, and the law of waiver and forfeiture of the defendant's rights under the decree.

We have no disagreement with counsel for the defendant on the law as cited, as we believe the law has been correctly stated on these subjects. However, we are of the opinion that none of these principles is involved. As the Court speaks only through its record and not through its oral pronouncements we can consider the rights of these parties only through the decree filed on April 27, 1945. This decree extended to these parties certain options which were to be exercised within a specified time. In the event neither of these options was exercised, then the defendant was to have a lien in the sum of $1200.00 upon certain real estate owned by the plaintiff. The defendant failed to exercise her option in compliance with the order of the Court. The conditions attached to the deposit of the $800.00 were, as a matter of fact, such as not to actually constitute a deposit except upon the plaintiff's compliance

with certain alleged orders made by the Court and which were not included in the judgment entry. In other words, it was a conditional deposit and not an absolute one. By failing to comply with the journalized court order the defendant herself and not her counsel, as urged, waived or forfeited her right to acquire the property in question. By so doing she was not penalized as urged by counsel for defendant, but was merely receiving cash in lieu of an equity in real estate, both of which were of the same value as found by the trial court.

We are of the opinion that the Court properly ordered that the $1200.00 be received by the defendant in full satisfaction of the lien provided for in the decree. No other legal interpretation could give it full force and effect.

The judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## APPLICATION FOR REHEARING

Decided December 24, 1946.

### OPINION

By THE COURT:
The application for rehearing is denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.